Derek W. Kaczmarek (AZ 028669)
FRAZER, RYAN, GOLDBERG & ARNOLD, L.L.P.
3101 North Central Avenue, Suite 1600
Phoenix, AZ 85012-2615
(602) 277-2010
Email: dkaczmarek@frgalaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RETAINED RISK MANAGERS, LLC, 20645 North Pima Road, Suite 160 Scottsdale, Arizona 85255,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, 1111 Constitution Avenue, N.W. Washington, D.C. 20224,<br><br>Defendant. | Case No.:<br><br>Complaint for Injunctive Relief |

**Introduction**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records, concerning correspondence, memoranda and other documents, which defendant, Internal Revenue Service ("IRS") has improperly withheld from plaintiff, Retained Risk LLC ("Taxpayer" or "Plaintiff").

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff is a taxpayer with its principal place of business located in Scottsdale, Arizona. Defendant, the IRS, is conducting an audit investigation of the Taxpayer.

4. The IRS is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control of the documents that Plaintiff seeks under the FOIA.

**Statutory Framework**

5. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

6. Records are agency records subject to the FOIA if the agency created or obtained the records and the agency controlled the records at the time the FOIA request is made. U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 144-145 (1989).

7. An agency has twenty working days after receipt of a FOIA request in which to determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). If the agency fails to provide the requested records, this Court has jurisdiction upon receipt of a complaint to review, de novo, the agency's failure to produce the requested records. 5 U.S.C. § 552(a)(4)(B).

8. On his first day in office on January 21, 2009, President Obama announced in a "MEMORANDUM FOR THE HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES" a "presumption of openness" in response to all FOIA requests (Memorandum attached as Exhibit A). The first three paragraphs provide this insight:

> A democracy requires accountability, and accountability requires transparency. As Justice Louis Brandeis wrote, 'sunlight is said to be the best of disinfectants.' In our democracy, the Freedom of Information Act (FOIA), which encourages accountability through transparency, is the most prominent expression of a profound

2

national commitment to ensuring an open Government. At the heart of that commitment is the idea that accountability is in the interest of the Government and the citizenry alike.

The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. Nondisclosure should never be based on an effort to protect the personal interests of Government officials at the expense of those they are supposed to serve. In responding to requests under the FOIA, executive branch agencies (agencies) should act promptly and in a spirit of cooperation, recognizing that such agencies are servants of the public.

All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

9. Not long thereafter, Congress at the urging of the President, enacted the Open FOIA Act of 2009. It reiterates the *freedom* of an individual or entity to obtain the information in files maintained by the government on that individual or entity. Otherwise, life in America would be Kafkaesque, with the government maintaining secret portfolios on its citizens in the Russian style made famous by Franz Kafka. This protection remains an essential element of what freedom means.

## Statement of Facts

10. By letter dated December 4, 2014, Taxpayer through the FOIA requested access to "any and all information, including any and all documents, concerning the

[I.R.S.'s audit investigation of Retained Risk]." Taxpayer further listed specific documents sought in the FOIA but did not limit the FOIA request to such listed documents.

11. By letter dated January 8, 2015, Plaintiff was erroneously denied access to the requested information on the grounds that no responsive documents existed.

12. By letter dated January 23, 2015, Plaintiff appealed the denial of this request.

13. By letter dated February 13, 2015, Plaintiff's appeal was denied. A copy of this letter is attached as Exhibit B.

14. The IRS Office of Appeals provided a second letter, dated May 4, 2015, by which the IRS identified 177 pages and withheld one page in part and 114 pages in full, relying upon Internal Revenue Code Section 6103.

15. The IRS's May 4, 2015 denial letter suggested requesting mediation to resolve the FOIA dispute. Based upon the IRS recommendation, Plaintiff sought the assistance of the Office of Government Information Services ("OGIS") to mediate the FOIA denial. Plaintiff notified the IRS of the OGIS mediation request by letter dated May 15, 2015.

16. On December 17, 2015, over seven months after the mediation request, OGIS notified Plaintiff that the IRS was unwilling to discuss the FOIA denial with OGIS.

17. Plaintiff has exhausted its administrative remedies.

18. On information and belief, the IRS in pursuit of its audit investigation of Retained Risk has compiled additional agency records.

19. The IRS controlled responsive documents at the time the FOIA was sent.

20. The FOIA requires the IRS to release the requested agency records to Plaintiff.

21. On information and belief, no statutory exemption applies which permits the IRS from withholding from Plaintiff responsive agency records.

22. More than twenty days has passed since the IRS's receipt of the FOIA.

4

23. Plaintiff has exhausted all administrative requirements to bring this complaint.

24. This Court has de novo jurisdiction to review the IRS's failure to produce the requested agency records.

25. Plaintiff has a right of access to the requested information and there is no legal basis for defendant's denial of such access.

## Cause of Action

26. Plaintiff asserts and incorporates by reference paragraphs 1-25.

27. Plaintiff properly requested records within the defendant's control and possession in accordance with the FOIA.

28. Plaintiff is entitled under the FOIA to access the requested records.

29. Defendant wrongfully withheld the requested agency records in violation of the FOIA.

30. Plaintiff exhausted its administrative remedies with regard to the wrongfully withheld records.

31. The Freedom of Information Act is to be administered by the IRS with a clear presumption: In the face of doubt, openness prevails.

## Prayer for Relief

WHEREFORE, Plaintiff requests this Court:

(1) Order defendant to provide access to the requested documents;

(2) Order defendant to provide a Vaughn Index of any documents withheld by defendant;

(3) Award plaintiff costs and reasonable attorneys' fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as may deem just and proper.

RESPECTFULLY SUBMITTED this 4th day of January, 2016.

        FRAZER RYAN GOLDBERG & ARNOLD, LLP


      By: s/ Derek W. Kaczmarek
         Derek W. Kaczmarek
         Attorney for Plaintiff